# United States Bankruptcy Court

## District of Massachusetts

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| JULE A. GUIDO, | ) Case No. 05-40562-HJB |
| | ) |
| Debtor. | ) |

## MEMORANDUM OF DECISION

Before this Court is the "Debtor's Motion to Require Trustee to Abandon Burdensome Property" filed by Jule A. Guido (the "Debtor"). The case presents yet another gnarl in a long line of knotty problems relating to the intersection between the Bankruptcy Code[1] and the Massachusetts Homestead Statute. The permutation now before the Court is this: If a mortgage is 1) executed by a debtor before she records a declaration of homestead, <u>but</u> 2) recorded after the declaration of homestead is recorded, <u>and</u> 3) avoided, but preserved for the benefit of the estate by the Chapter 7 trustee under §§ 547 and 551 of the Bankruptcy Code, is the mortgage superior or inferior in priority to the debtor's homestead exemption? The Debtor argues that the homestead exemption is first in right, and, therefore, there is no equity for the estate. David M. Nickless, the Chapter 7 trustee (the "Trustee"), disagrees.

---

[1] Unless otherwise stated, all statutory references are to Title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code").

I.  **FACTS & TRAVEL OF THE CASE**

The material facts are undisputed. On March 18, 1994, the Debtor took title to residential property located at 2 Mellon Street in Hopedale, Massachusetts (the "Residence"). She financed the purchase with a mortgage from Milford Federal Savings and Loan. The loan balance stands at approximately $63,000.00. On March 31, 1997, the Debtor borrowed an additional $55,000.00 from Diversified-Coolidge Realty Corporation ("Diversified"), and delivered to that lender a promissory note (the "Note") and second mortgage (the "Second Mortgage") on the Residence to secure repayment. Diversified failed, however, to record the Second Mortgage in the Worcester County Registry of Deeds (the "Registry of Deeds") at that time.

At some later point, the Debtor defaulted on her payments to Diversified, which led Diversified to file suit against her in state court on the Note. In August of 2003, Diversified recovered a default judgment and the state court subsequently issued an execution against the Debtor in the amount of $79,962.60. On March 19, 2004, Diversified levied on that execution by recording it in the Registry of Deeds, thereby acquiring a judicial lien on the Residence (the "Judicial Lien"). On July 1, 2004, the Debtor responded by recording a Declaration of Homestead on the Residence, pursuant to G.L. c. 188, § 1 (the "Massachusetts Homestead Statute"). Later still, on November 10, 2004, Diversified recorded the Second Mortgage at the Registry of Deeds.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 7, 2005 (within 90 days of the recording of the Second Mortgage),. In Schedule C of her petition, she claimed an exemption in the Residence, pursuant to the

Massachusetts Homestead Statute, in the amount of $500,000 (the "Homestead Exemption"). The Debtor valued the Residence in her Schedules at $450,000.

In May of 2005, the Trustee filed an adversary proceeding against Diversified, seeking to avoid the Second Mortgage as a preferential transfer, pursuant to § 547(b) of the Bankruptcy Code.[2] Although Diversified filed an answer to the Trustee's complaint, it shortly thereafter joined with the Trustee in an Agreement for Judgment, which was approved by this Court at a hearing in October of 2005. That Agreement for Judgment provides:

> Now come David M. Nickless, Trustee and plaintiff, and Diversified Coolidge Realty Corp, defendant, and agree that judgment may enter in the above matter avoiding the mortgage recorded by Diversified Coolidge Realty Corp on November 10, 2004 and preserving the mortgage position for the benefit of the bankruptcy estate.

---

[2] Section 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property –

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made –
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if –
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

At the same hearing, the Court allowed the Debtor's motion to avoid the Judicial Lien, pursuant to 11 U.S.C. § 522(f)(1). The parties explained that the reason for Diversified's acquiescence to judgment in the adversary proceeding was that Diversified held the lion's share of the unsecured claims against the Debtor. Accordingly, notwithstanding the avoidance of its Second Mortgage and Judicial Lien, the preservation of the Second Mortgage for the bankruptcy estate in effect preserved most of the value of the Second Mortgage for the benefit of Diversified.[3]

On January 10, 2006, the Debtor filed the instant motion requesting the Court to compel the Trustee to abandon the Second Mortgage. The Trustee opposes.

## II.   POSITIONS OF THE PARTIES

The Debtor maintains that the Second Mortgage is subordinate in right to her Homestead Exemption because the Second Mortgage was recorded subsequent to the recording of her Declaration of Homestead. She argues that because the equity in the Residence, even without consideration of the first mortgage, is less than the Homestead Exemption of $500,000, the "[Second Mortgage] now preserved for the benefit of the estate by the trustee is burdensome to the estate or is of inconsequential value and benefit to the estate," and should be abandoned pursuant to § 554(b) of the Code.[4]

---

[3] The only other unsecured creditor in the Debtor's schedules is Hartford Life BMS, whose claim is listed as $4,534. Based on the proportionate interests in the estate among the two unsecured creditors, Diversified still stands to receive well over ninety percent of its claim, assuming the Second Mortgage is preserved, in its entirety, for the benefit of the estate.

[4] Section 554(b) provides:

On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate

The Debtor submits, alternatively, that preserving the priority of the lien represented by the Second Mortgage would conflict with § 522(c) of the Bankruptcy Code.[5] She reminds the Court that, although the Massachusetts Homestead Statute contains an exception for debts "contracted" before recordation of the Declaration of Homestead,[6] that exception has been declared by the First Circuit Court of Appeals to be preempted by § 522(c), which shields exempt property of the estate from liability for any debts that arose

---

or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b).

[5] Section 522(c) states, in relevant part:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of this case, except –

    (1) a debt of a kind specified in section 523 (a)(1) or 523 (a)(5) of this title;
    (2) a debt secured by a lien that is—
        (A)    (i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547,548, 549, or 724 (a) of this title; and
                (ii) not void under section 506 (d) of this title; or
        (B) a tax lien, notice of which is properly filed. . .

11 U.S.C. § 522(c).

[6] Massachusetts General Laws chapter 188, § 1(2) provides in relevant part:

Said estate [for which a Homestead Declaration has been recorded] shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
. . .

    (2) for a debt *contracted prior* to the acquisition of said estate of homestead;
. . .

(Emphasis supplied).

prior to the commencement of a bankruptcy case. <u>Patriot Portfolio, LLC v. Weinstein (In re Weinstein)</u>, 164 F.3d 677, 683 (1st Cir. 1999). The Debtor urges that because the Second Mortgage was both contracted before she recorded her Declaration of Homestead *and* arose prior to the commencement of her bankruptcy case, the Massachusetts Homestead Statute and § 522(c) are at odds and the former is, thus, preempted.

The Trustee contends that when the Second Mortgage was avoided, it was preserved for the benefit of the estate, pursuant to § 551, and that he assumed the secured position formerly held by Diversified. The Trustee distinguishes <u>Weinstein</u>, as it relates to a non-consensual debt avoidable by the debtor under § 522(f). The Trustee maintains that without a conflict between the Bankruptcy Code and the Massachusetts Homestead Statute, the latter governs. Because the Second Mortgage was executed prior to the execution of the Declaration of Homestead, the Trustee submits that it is unaffected by the Debtor's Homestead Exemption as a prior contracted debt, pursuant to G.L. c. 188, § 1(2).

## III.  DISCUSSION

The extent of a debtor's interest in property is generally governed by state law. <u>NTA, LLC v. Concourse Holding Co., LLC</u>, 380 F.3d 523, 528 (1st Cir. 2004) (citing, <u>inter alia</u>, <u>Butner v. U.S.</u>, 440 U.S. 48, 54 (1978)). However, where state law is in direct conflict with the provisions of the Bankruptcy Code, the Supremacy Clause of Constitution dictates that state law be preempted. See U.S. Const. art. VI, cl. 2; <u>Summit Inv. and Dev. Corp. v. Leroux</u>, 69 F.3d 608, 610 (1st Cir. 1995) ("federal preemption under the Supremacy

-6-

Clause. . . will be found only if. . . we are persuaded that the federal and state statutes, by their very terms, cannot coexist").

The facts here present three issues: 1) may the Debtor actually exempt the Second Mortgage itself; 2) if the Second Mortgage may not be exempted by the Debtor under state or federal law and is an asset of the estate, does § 522(c), as interpreted by Weinstein and its progeny, nonetheless protect the equity of the Residence from the effect of the Second Mortgage; and 3) if the Debtor may not exempt the Second Mortgage and § 522(c) offers the Debtor no protection, what is the relative priority between the Second Mortgage and the Homestead Exemption.

The first of these questions - whether the Debtor may exempt the Second Mortgage - is easily disposed of. The Second Mortgage was successfully avoided by the Trustee under § 547(b) and is of no value to Diversified. But neither is it of value to the Debtor. The Bankruptcy Code provides for the automatic preservation of avoided transfers for the benefit of the *estate*:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506 (d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

As set forth in § 551 (and pursuant to the Agreement for Judgment, for good measure), the Second Mortgage was preserved "for the benefit of the estate." In contemplating the interplay between § 551 and the exemptions available under the Bankruptcy Code, courts have noted that the only way for a debtor to claim an exemption in property that has been preserved for the benefit of the estate is through § 522(g) of the Code. See, e.g., In re Dipalma, 24 B.R. 385, 387 (Bankr. D. Mass. 1982) ("[o]nce the lien

-7-

has been avoided by the trustee, the debtor must come within . . . § 522(g). . . in order to avoid the operation of § 551"); Kepler v. Weis, 92 B.R. 816, 820-21 (Bankr. W.D. Wisc. 1988) ("a transfer of otherwise exempt property, which has been avoided under either section 547 or 548, is brought into the bankruptcy estate by section 551. Section 522(g) provides the *exclusive mechanism* for a debtor to assert his exemption rights after the trustee has exercised his avoidance powers") (emphasis supplied).

There is no opportunity for the Debtor to claim any benefit arising from § 522(g) of the Code. That section provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>
> > (1) (A) *such transfer was not a voluntary transfer of such property by the debtor*, and
> > (B) the debtor did not conceal such property; or
> > (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

11 U.S.C. § 522(g) (emphasis supplied). Because granting the Second Mortgage was the Debtor's voluntary act, 522(g) is of no assistance to her. See Collier on Bankruptcy ¶ 551.02[2], at 551-55 (15th ed. 2005) ("generally, property that was voluntarily transferred by the debtor and recovered by the trustee. . . and preserved under section 551 cannot be exempted"); In re Ringham, 294 B.R. 204, 206 (Bankr. D. Mass. 2003); In re Dipalma, 24 B.R. 385, 387(Bankr. D. Mass. 1982) ("section 552(g)(1) does not allow the exemption of property recovered by the trustee if the transfer was a voluntary transfer by the debtor). The Debtor is unable, then, to exempt the Second Mortgage.

Nor does the answer to the second question - whether § 522(c) impacts the effect of the Homestead Statute upon the Second Mortgage - run in the Debtor's favor. In Weinstein, the First Circuit Court of Appeals ruled that, to the extent that the Massachusetts Homestead Statute conflicts with the provisions of § 522(c), the former must give way. 164 F.3d at 682. In light of Weinstein, it is necessary to determine whether a conflict exists on the facts of this case. This Court can find none. The Homestead Statute provides in relevant part:

> Property which is a subject to a mortgage executed before an estate of homestead was acquired therein, or executed afterward and containing a release thereof, shall be subject to an estate of homestead, *except as against the mortgagee and those claiming under him*, in the same manner as if there there were no such mortgage.

G.L. c. 188, § 6 (emphasis supplied).

Here, pursuant to § 551, the rights of the mortgagee have been preserved for the benefit of the estate. Among the debts that are excepted from the protection of a debtor's exception under § 522(c) is:

> (2) a debt secured by a lien that is –
>     (A)(i) not avoided under subsection (f) or (g) of this section or under section. . . 547. . . of this title. . .

11 U.S.C. § 522(c)(2)(A)(i).

As between the Debtor and the Trustee, the Second Mortgage has not been avoided, but has been preserved for the estate by § 551. Accordingly, § 522(c) provides the Debtor with no greater protection from the Trustee than the Debtor would have had from a mortgagee under non-bankruptcy law.

And, finally, as to the third question - the relative priority of the Second Mortgage and the Homestead Exemption - it is clear that the Second Mortgage, unhampered by §

522(c), has priority under Massachusetts law over the Declaration of Homestead notwithstanding the latter's earlier recordation. It is well settled that, while the Trustee assumed the secured position formerly held by the lienholder, § 551 did not elevate the priority of the avoided transfer. See Cullen v. Revere Copper and Brass, Inc. (In re John I. Paulding, Inc.), 76 B.R. 7, 8 (Bankr. D. Mass. 1987). The lien enjoys only the priority which the Second Mortgage would have held under applicable state law. The Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries), 908 F.2d 517, 510 (9th Cir. 1990); Carvell v. Bank One, Lafayette, N.A. (In re Carvell), 222 B.R. 178 (1st Cir. B.A.P. 1998); In re John I. Paulding, Inc., 76 B.R. at 8. The Second Mortgage remains recorded *after* the recording of the Declaration of Homestead.

But this Court has held, relying on supporting Massachusetts law, that a previously recorded declaration of homestead is subordinated to a subsequently recorded mortgage, even if the mortgage contains no language which would expressly release or subordinate the homestead exemption, provided the mortgage contains words of grant and standard mortgage covenants. In re Desroches, 314 B.R. 19, 22 (Bankr. D. Mass. 2004). In Desroches, this Court relied on Atlantic Savings Bank v. Metropolitan Bank and Trust, 9 Mass.App.Ct. 286 (1980), in which the Massachusetts Appeals Court stated and held that the mortgage in that case, which was written in the statutory short form:

> contained *apt words of grant with mortgage covenants*. Under our title theory, it constituted a deed of conveyance which transferred a fee interest to the bank, defeasible upon performance of the conditions stated therein. [Mortgagor's] execution of the mortgage, buttressed by its covenants, conveyed his entire interest in the property to the bank, subject to defeasance, and effectively subordinated any homestead interest he possessed to the mortgage lien.

-10-

Deroches, 314 B.R. at 22 (emphasis in original) (quoting Atlantic Sav. Bank, 9 Mass.App.Ct. at 288).

The Second Mortgage here meets the Deroches and Atlantic Savings Bank parameters. Massachusetts law provides the meaning and effect of the term "mortgage covenants:"

> In a conveyance of real estate the words "mortgage covenants" shall have the full force, meaning and effect of the following words, and shall be applied and construed accordingly: "The mortgagor, for himself, his heirs, executors, administrators and successors, covenants with the mortgagee and his heirs, successors and assigns, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that the mortgagor has good right to sell and convey the same; and that he will, and his heirs, executors, administrators and successors shall, warrant and defend the same to the mortgagee and his heirs, successors and assigns forever against the lawful claims and demands of all persons; and that the mortgagor and his heirs, successors or assigns, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale; and that the mortgagee and his heirs, executors, administrators, successors and assigns are appointed and constituted the attorney or attorneys irrevocable of the said mortgagor to execute and deliver to the said purchaser a full transfer of all policies of insurance on the buildings upon the land covered by the mortgage at the time of such sale".

G.L. c. 183, § 19 (2000).

The precise phrase "mortgage covenants" does not appear in the Second Mortgage. Instead, the Second Mortgage provides the material covenants in a longer form. The Second Mortgage contains, *inter alia*, words of grant[7] as well as an explicit warranty of title,

---

[7] The second paragraph of the Second Mortgage provides, in relevant part:

> Mortgagor has mortgaged, given, granted . . . and by these presents does mortgage , give, grant . . . unto mortgagee the real property . . . together with: *all right, title, interest and estate of Mortgagor* now owned, *or hereafter acquired.*

-11-

a representation of authority to grant the lien, and a promise to defend that warranty and representation.[8] Accordingly, the Second Mortgage has superior priority of right over the previously recorded Declaration of Homestead.

In view of the foregoing, there is no conflict here between state and federal law. As between the Debtor and the Trustee, pursuant to § 551 of the Bankruptcy Code, the Trustee holds an unavoidable Second Mortgage against the Residence; and by virtue of its terms and Massachusetts law, the Second Mortgage enjoys priority over the Debtor's Declaration of Homestead. That priority provides value to the bankruptcy estate. The Second Mortgage should not be abandoned.

---

(Emphasis supplied).

[8] The Second Mortgage further provides, in relevant part:

> Warranty of Title. Mortgagor warrants that Mortgagor has good title to the Mortgaged Property and has the right to mortgage, give, grant, bargain, sell, alien, enfeoff, convey, confirm, pledge, assign and hypothecate the same and that Mortgagor possess [sic] an unencumbered fee estate in the Premises and the Improvements and that it owns the Mortgaged Property free and clear of all liens, encumbrances and charges whatsoever except for those exceptions shown in the title insurance policy insuring the lien of this Mortgage. Mortgagor shall forever warrant, defend and preserve such title and the validity and priority of the lien of this Mortgage and shall forever warrant and defend the same to Mortgagee against the claims of all persons whomsoever.

## IV.   CONCLUSION

For the foregoing reasons, the "Debtor's Motion to Require Trustee to Abandon Burdensome Property" is DENIED.  An order in conformity with this Memorandum shall issue forthwith.

DATED: June 9, 2006                    By the Court,

*[signature]*
Henry J. Boroff
United States Bankruptcy Judge